J-S22012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN BROWN AND SANDRA BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER HOOVER AND | : | |
| VIRGINIA HOOVER | : | |
| | : | No. 1759 MDA 2018 |
| Appellants | : | |

Appeal from the Order Entered September 24, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2016-CV-09224-QT

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED MAY 30, 2019**

Christopher and Virginia Hoover ("the Hoovers") appeal the September 24, 2018 order granting an easement over their commercial property to John and Sandra Brown ("Browns") pursuant to an oral settlement agreement entered on the record.  N.T., 11/1/17, at 1–4.  We remand for the preparation of a trial court opinion and supplementation of the record, and we retain jurisdiction.

As ordered by the trial court, the Hoovers filed a timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The trial court filed a Pa.R.A.P. 1925(a) opinion, in which it refers to its November 19, 2018 order as adequately addressing the claims raised in the Hoovers' Pa.R.A.P. 1925(b) statement.  Trial Court Opinion, 12/13/18.  However, the trial court's November 19, 2018 order indicates only that the trial court denied the motion

_____
*   Retired Senior Judge assigned to the Superior Court.

for reconsideration because "the September 24, 2018 Order represents the terms that were agreed to by the parties on November 1, 2017." Order, 11/19/18. The lack of trial court analysis on the merits of the claims raised in the Hoovers' Rule 1925(b) statement hampers our review. Thus, we remand this matter to the trial court for preparation of an opinion pursuant to Pa.R.A.P. 1925(a) within thirty days of the date of this order. The Rule 1925(a) opinion is to include the trial court's findings of facts, conclusions of law, and a comprehensive analysis of the merits of the Hoovers' claims of error and the reasons for its entry of the September 24, 2018 order.

Additionally, the certified record does not contain a transcript of the August 24, 2018 hearing, the lack of which also hampers our review. "It is the responsibility of the appellant to provide a complete record to the appellate court on appeal…." **McNeal v. Eaton Corp.**, 806 A.2d 899 (Pa. Super. 2002). Thus, we direct the Hoovers to supplement the record with a certified copy of the August 24, 2018 hearing transcript within thirty days of the date of this order.

Case remanded. Panel jurisdiction retained.